IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WELLS FARGO BANK, N.A.**                                                                 **PLAINTIFF**

V.                                              CIVIL NO.: 3:13CV519-HSO-RHW

**QUICK CLEAN, LLC,**
**MIKE BAILEY, and**
**ELIZABETH BAILEY**                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
[32] AND DENYING DEFENDANTS' MOTION TO DISMISS [37]**

BEFORE THE COURT is a Motion for Summary Judgment [32] filed by Plaintiff Wells Fargo Bank, N.A. Also before the Court is a Motion to Dismiss [37] filed by Defendants Quick Clean, LLC, Mike Bailey, and Elizabeth Bailey. The Motions have been fully briefed. Having considered the pleadings on file, the briefs and arguments of the parties, the record, and relevant legal authorities, the Court finds that it should grant in part and deny in part Plaintiff's Motion for Summary Judgment and should deny Defendants' Motion to Dismiss.

I. BACKGROUND

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") commenced this action on August 27, 2013, to recover on an outstanding debt allegedly owed by Defendants. Plaintiff[1] extended commercial loans to Quick Clean, LLC, which were

---

[1] Wachovia Bank, National Association extended the loans to Defendants. Wells Fargo Bank, N.A. is the successor by merger to Wachovia Bank, National Association, and is therefore the Plaintiff in this action.

1

unconditionally guaranteed by Mike Bailey and Elizabeth Bailey. After Defendants defaulted on the promissory notes payable to Plaintiff, Plaintiff and Defendants consolidated Defendants' obligations into an Amended, Restated and Consolidated Promissory Note ("Promissory Note") and a Forbearance and Loan Modification Agreement ("Forbearance Agreement") (collectively referred to as "Loan Documents") for which Defendants became jointly and severally liable. Promissory Note [1-1]; Forbearance Agreement [1-2]. Pursuant to both the Promissory Note and the Forbearance Agreement, Defendants agreed that the outstanding balance of the loan along with interest and fees would become due and payable on the maturity date of November 23, 2009.

      Plaintiff alleges that Defendants are in default of their respective obligations under the terms of the Loan Documents by failing to pay all outstanding indebtedness owing upon the Note's maturity. Plaintiff claims that Defendants owe $376,457.90 under the Promissory Note as of May 30, 2014, and that interest, fees, and other costs of collection continue to accrue. Aff. of Robert Terway [34-1] at p. 3. Defendants do not dispute that they have defaulted under the terms of the Loan Documents. Rather, Defendants argue that Plaintiff's Complaint should be dismissed because the Loan Documents do not qualify as negotiable instruments subject to a six-year statute of limitations, and instead constitute contracts that are subject to a three-year statute of limitations.

II. DISCUSSION

A.    Summary Judgment Standard

Summary judgment is appropriate where the "movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the initial burden of identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

Once the movant meets this initial burden, the nonmovant must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party must present "significant probative evidence." *Hamilton*, 232 F.3d at 477. A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, No. 13-30712, 2014 WL 3732647, at *4 (5th Cir. July 29, 2014). A court "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013).

B.   Defendants' Rule 12(b)(6) Motion

The Court will construe Defendants' Motion to Dismiss as filed pursuant Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

C.   Applicable Statutes of Limitations

The Court has subject matter jurisdiction over this case based upon diversity of citizenship. Accordingly, the applicable substantive law is Mississippi law. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). Resolution of this dispute turns on whether the Loan Documents constitute negotiable instruments subject to Mississippi's six-year statute of limitations, or whether the Loan Documents are contracts subject to the general three-year statute of limitations.[2] Mississippi law defines a negotiable instrument as

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> (1)   Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

---

[2] In the absence of a specific controlling statute of limitations, Mississippi law prescribes a general three-year limitations period. Miss. Code Ann. § 15-1-49.  The controlling statute of limitations for actions on negotiable instruments is six years. Miss. Code Ann. § 75-3-118(a)("[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within (6) years after the accelerated due date.").

4

  (2) Is payable on demand or at a definite time; and
  (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

Miss. Code Ann. § 75-3-104(a).

  Defendants contend that the Promissory Note and Forbearance Agreement do not conform to the definition of a negotiable instrument under Mississippi Code § 75-3-104(a). Specifically, they argue that the Promissory Note and Forbearance Agreement do not meet the requirement that the instrument be "payable to bearer or order at the time it is issued or first comes into possession of a holder." Miss. Code Ann. § 75-3-104(a)(1). A promise or order is payable to bearer if it

  (1) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;
  (2) Does not state a payee; or
  (3) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

Miss. Code Ann. § 75-3-109(a). A promise or order that is not payable to bearer is payable to order if it is payable (i) to the order of an identified person, or (ii) to an identified person or order. Miss. Code Ann. § 75-3-109(b).

  1. <u>The Promissory Note</u>

  The Court finds that the Promissory Note signed on April 22, 2009, qualifies as a negotiable instrument under Mississippi Law, and thus carries a six-year

statute of limitations period pursuant to Mississippi Code § 75-3-118(a). *See Jordan v. BancorpSouth Bank*, 964 So. 2d 1205, 1207 (Miss. Ct. App. 2007)(holding that a promissory note that meets the requirements of Miss. Code Ann. § 75-3-104(a) is subject to a six-year statute of limitations period). The Promissory Note states that Defendants promised to "pay to the order of Wachovia Bank, National Association," which satisfies the requirement that it be "payable to order" under Miss. Code Ann § 75-3-118(a)(1). Promissory Note [1-1] at p. 2. The Promissory Note is payable at a definite time, specifically on November 23, 2009. Finally, the Promissory Note does not state any other undertaking other than the payment of money.

The action on the Promissory Note must have commenced within six years of the due date on the Note. Miss. Code Ann. § 75-3-118(a). Both the Promissory Note and the Forbearance Agreement stated that the principal balance on the Promissory Note, along with accrued and unpaid interest, would become due on November 23, 2009. Plaintiff filed this action on August 27, 2013. Therefore, Plaintiff's action to recover on the Promissory Note falls with the prescribed statute of limitations and Plaintiff may proceed on its claims under the Promissory Note.

    2.  <u>The Forbearance Agreement</u>

However, the Forbearance Agreement signed on May 22, 2009, is not a negotiable instrument and is subject to the general three-year statute of limitations for breach of contract pursuant to Miss. Code Ann. § 15-1-49(1). The Forbearance Agreement does not meet the requirement that it be payable to bearer or to order as stated in Miss. Code Ann. § 75-3-104(a). While Plaintiff argues that the

Forbearance Agreement contains the language "all sums, with accrued and accruing interest thereon, shall be payable by Obligors to Bank," this language does not satisfy the requirements of Miss. Code Ann. § 75-3-109(b). *See Whitaker v. Limeco Corp.*, 32 So. 3d 429, 435 (Miss. 2010)("[T]he words 'payable to the order of' or payable 'to [identified payee] or order' must appear within the instrument in order to qualify it as a negotiable instrument."). Because the action for breach of contract on the Forbearance Agreement would have accrued at the time the payment became due on November 23, 2009, Plaintiff would have had to file an action on the Forbearance Agreement by November 23, 2012. Plaintiff did not file this action until August 26, 2013, and any claim on the Forbearance Agreement is time barred.

D.      Enforcement of the Promissory Note and Attorneys' Fees

Defendants have offered no evidence that they did not default under the terms of the Promissory Note to rebut Plaintiff's properly supported Motion for Summary Judgment. The Court therefore finds that Plaintiff is entitled to judgment on the Promissory Note, and that Defendants owe Plaintiff a total amount of $376,457.90 under the Promissory Note, which includes $271,748.95 in principal, $104.184.85 in accrued and unpaid interest, and $524.10 in late charges, and further owe interest that has accrued on the principal amount owed from May 30, 2014, until the date of this Order.  The Court also finds that Plaintiff is entitled to reasonable attorneys' fees pursuant to the provision regarding attorneys' fees contained within the Promissory Note. *See Chaney v. General Motors Acceptance Corp.*, 349 So. 2d 519, 522 (Miss. 1977)(holding that provision relating to the award

of attorneys' fees contained within promissory note was enforceable).

### III. CONCLUSION

For the forgoing reasons, the Court finds that Plaintiff's Motion for Summary Judgment should be granted as to the amount owed by Defendants on the Promissory Note signed on April 22, 2009, but that the Motion should be denied as to any relief requested pursuant to the Forbearance Agreement. Defendants' Motion to Dismiss should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Defendants' Motion to Dismiss [37] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff's Motion for Summary Judgment [32] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff is entitled to judgment on the Promissory Note and will be awarded the sum of $376,457.90, which includes $271,748.95 in principal, $104,184.85 in accrued and unpaid interest as of May 30, 2014, and $524.10 in late charges. Plaintiff will also be awarded interest at the rates specified in the Promissory Note that has accrued on the principal amount owed from May 30, 2014, until the date of the Court's Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff shall provide the Court with an accounting of attorneys' fees and evidence of their reasonableness by January 2, 2015. Defendants shall submit any objections to the amount of attorneys' fees sought by January 12, 2015.

**SO ORDERED AND ADJUDGED**, this the 12th day of December, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE